**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ENDY DANERY MATEO CARBAJAL,

Petitioner,

vs.

LEONARD ODDO *in his official capacity as the Facility Administrator of the Moshannon Valley Processing Center et al.*,

Respondents.

Civil Action No. 3:25-cv-551
Judge Stephanie L. Haines
Magistrate Judge Peter E. Ormsby

**MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed pro se by Endy Danery Mateo Carbajal ("Petitioner") (ECF No. 1). Petitioner was detained at Moshannon Valley Detention Center and claimed an unconstitutionally prolonged detention. On August 12, 2026, Respondents filed a Status Report (ECF No. 16) with documentation of removal dated March 14, 2026 (ECF No. 16-1). This matter was referred to Magistrate Judge Peter E. Ormsby for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On August 19, 2026, Magistrate Judge Ormsby filed a Report and Recommendation (ECF No. 17) recommending that the Petition (ECF No. 1) be denied as moot. The Parties were advised they could file objections to the Report and Recommendation by September 8, 2026. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 17) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant

to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Ormsby in this matter. The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's removal, there is no remedy that the Court can provide. Therefore, the Petition and any pending motions are moot.

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 16th day of September, 2026, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is DENIED as moot; and,

IT IS FURTHER ORDERED that Magistrate Judge Ormsby's Report and Recommendation (ECF No. 17) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge